MILDRED W. TURNER, ADMINISTRATRIX, ET AL. *v.* W. V.
TURNER ET AL.

1. WILL.   *Charge of legacies on land.   Blending of property.*
   Under a will giving the testator's real estate, slaves and personal
   property to a person who is named as executor, on condition that,
   at the expiration of five years, he will pay, or cause to be paid, cer-
   tain sums of money, the legacies are a charge on all the property
   alike.

2. SAME.   *Land sold under power.   Freed from charge.*
   Land sold by the devisee and executor in pursuance of a power con-
   ferred on him by the will to sell, "in order to obtain money to pay
   the above legacies, or for any other purposes that he may think ad-
   vantageous to himself," is not subject in the hands of his vendees to
   a charge for the legacies.

3. SAME.   *Suit for legacy.   Chancery jurisdiction.*
   The Chancery Court, in which the will is admitted to probate, has juris-
   diction of a suit by the legatees for sale of the land and payment of
   the legacies, by virtue of Code 1871, § 977, although, owing to a sub-
   sequent establishment of another chancery district in the county, the
   land lies and the parties live in the latter district.

APPEAL from the Chancery Court of Yalobusha County.
Hon. A. B. FLY, Chancellor.

The appellees, legatees under Ransom Turner's will, filed
this bill in the Chancery Court in which it was probated
against the appellants, the vendees of William H. Turner, and
his widow, who is the sole devisee under his will and adminis-
tratrix of his estate with the will annexed, to charge the land of
Ransom Turner with the payment of the complainants' legacies,
and sell it.   The answers admitted the will, but claimed that the
land was not charged with the legacies, that, by sale, William
H. Turner freed it from any charge to which it was subject,
and that the court had no jurisdiction, because, since the pro-
bate of the will, the county had been divided into two chancery
districts, and the lands lie and the parties to this suit reside in
the newly made district.   So much of Ransom Turner's will
as bears upon the questions is as follows: "After all my
lawful debts are paid and discharged, the residue of my estate,
real and personal, I give, bequeath and dispose of as follows,

viz.: To my brother, William H. Turner, all the real estate, with the appurtenances thereunto belonging, now belonging to me or in my possession, viz.: [here follows a description of the land devised by metes, bounds and numbers]. I further give and bequeath to the said William H. Turner all of my negro property, consisting of nine slaves, viz.: [here follow the names of the slaves], and to said William H. Turner I give all my personal property of every other description, to have, hold and enjoy the same, with all the profits and interest arising or accruing therefrom, upon condition that the said William H. Turner, at the expiration of five years, will pay, or cause to be paid, the following sums of money to the devisees herein named [here follow the pecuniary legacies to the complainants]. I do hereby ordain that the said William H. Turner may, and it is my wish that, in order to obtain money to pay the above legacies, or for any other purposes that he may think advantageous to himself, he sell or dispose of any part or parcel of the real estate herein bequeathed without any order of court for that purpose." The slaves and most of the personal property being lost by the war, the Chancellor decreed the sale of all the land to pay the legacies.

*Fitz Gerald & Whitfield,* for the appellants.

The land under this will is not charged with the legacies. *Adams* v. *Brackett,* 5 Met. 280; *Lupton* v. *Lupton,* 2 Johns. Ch. 614; 1 Roper on Legacies, 682; 2 Redfield on Wills, 208, 212. At all events, the personal property which remained, and which was sufficient to pay the legacies, should have been first exhausted. Power to sell for any purpose which the executor deemed advantageous is inconsistent with the theory of a charge on the land to pay legacies. The devise was unconditional. Purchasers from the devisee take the land free of the charge. 1 Redfield on Wills, 279; 1 Roper on Legacies, 744, 745. As the executor had power to sell for any purpose he chose, his vendees were not bound to see the purchasemoney applied to the legacies. 3 Redfield on Wills, 235.

*George H. Lester,* on the same side.

Notwithstanding Code 1871, § 977, no jurisdiction remained in the Chancery Court for the first district of the county, after the second was established. The two jurisdictions are as sep-

arate and exclusive as though the two districts were two counties. Acts 1873, p. 166. As well might it be said that this suit should have been brought in Hinds County, had it so happened that the will of Ransom Turner was probated there, whilst the lands devised and all the parties in interest were in Yalobusha County. But the lands were an absolute devise to William H. Turner, and can, in no event, be charged with, or subject to, the payment of the complainants' legacies. There is no ambiguity in the words, no room for construction. *Vannerson* v. *Culbertson*, 10 S. & M. 150; *Sorsby* v. *Vance*, 36 Miss. 564. The intention of the testator must govern, and to aid in determining what it is, the circumstances under which the will was made may be considered. *Haughton* v. *Brandon*, 40 Miss. 729. The court erred in subjecting the lands, sold by William H. Turner in his lifetime, to pay legacies; for, independently of his right to sell, as owner in fee of the land, he had a well-defined power conferred by the will, and purchasers from him must be protected.

*W. S. Chapman* and *W. M. Jackson*, for the appellees.

The suit was properly brought under Code 1871, § 977, in the court where the will was probated. The Chancellor's construction of the will is right. There is nothing in the fact that the devise of the real estate preceded that of the personal property. The power only means that the executor, William H. Turner, might sell the realty to pay the testator's debts or these legacies if he preferred it, and he believed it was advantageous to himself, and retain the personalty for his own uses and purposes — provided, however, enough property should be sold to pay the legacies. By this construction, and by none other, effect is given to all the language of the will.

*B. H. Tabor*, on the same side.

Code 1871, § 977, conferred jurisdiction. The land is charged by the will with the legacies, and it was the duty of the purchasers to see to the application of the purchase-money, the will being of record, and its contents notice to the world. The cases of *Clyde* v. *Simpson*, 4 Ohio St. 445, and *Nellons* v. *Truax*, 6 Ohio St. 97, are conclusive of the affirmative of these propositions. Some of the lands are now unsold in the hands of the devisee's widow.

CAMPBELL, J., delivered the opinion of the court.

The condition that William H. Turner, at the expiration of five years, should pay certain sums of money to persons named in the will, applied to the real estate devised to him as well as the personal property. All the gifts to him by the will were upon this condition. The manifest purpose of the testator was to give all of his property to his brother, William H. Turner, subject to the payment of his debts and of certain pecuniary legacies, after five years. There is such a blending of the real and personal estate, in the disposition made by the will, that no distinction can be drawn between the two classes of property, and the legacies are a charge alike on the real and personal property. The case of *Adams* v. *Brackett*, 5 Met. 280, is clearly distinguishable from this, by the fact that, by the will construed in it, the testator expressly indicated that his debts, funeral charges, and other necessary expenses should be paid from his personal estate. Here there is no distinction drawn between the real and personal estate. All of the testator's estate, real and personal, is given to one person. There is nothing to indicate the purpose of the testator to give the land absolutely and unconditionally, and the personalty conditionally. The condition applies to all the property. 2 Redfield on Wills, 209, and cases cited.

The land sold by the devisee and executor, in pursuance of the authority conferred by the will on him to sell, "in order to obtain money to pay the above legacies, or for any other purposes that he may think advantageous to himself," is not subject, in the hands of his vendees, to a charge for the legacies. His conveyance vested title free from any such charge. Unlimited power and discretion, as to the purpose of the sale, were given to the devisee and executor, and a purchaser from him acquired title free from all concern as to the legacies given by the will. *Elliot* v. *Merryman*, 1 Lead. Eq. Cas. 59, and notes. The jurisdiction of the court, in which the suit was brought, is expressly conferred by § 977 of the Code. For the error in the decree, in subjecting the land sold by William H. Turner to the payment of the legacies, it is

*Reversed and cause remanded.*